1
2
3
4
5
6
7

Soheyl Tahsildoost (Bar No. 271294) (st@thetafirm.com)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for defendant Tesla, Inc.

8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

STEVE DONCHISHIN, an individual,

    Plaintiff,

 vs.

TESLA, INC. WHICH WILL DO BUSINESS ) IN CALIFORNIA AS TESLA MOTORS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:20-cv-5154
[Alameda County Superior Court Case No. HG20064707]

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, 1367, 1441 AND 1446 BY DEFENDANT TESLA, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC.**

Complaint Filed: June 9, 2020

20
21
22
23
24
25
26
27
28

  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, defendant Tesla, Inc. ("TESLA"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.  Defendant TESLA states as follows:

**Jurisdiction and Authority for Removal**

  1) On June 9, 2020, an action was commenced by plaintiff Steve Donchishin ("Plaintiff") against Defendant TESLA in the Superior Court of the State of California for the County of Alameda, entitled "STEVE DONCHISHIN v. TESLA, INC. WHICH

1

WILL DO BUSINESS ) IN CALIFORNIA AS TESLA MOTORS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive" ("State Court Case"), Case No. HG20064707.  The summons and complaint were served on TESLA on June 26, 2020. This removal is therefore timely under 28 U.S.C. §1446(b).

2)      Attached hereto as **Exhibit A** are all the documents served on the removing defendant TESLA in the State Court Case, including a copy of the conformed State Court Case complaint.

3)      The Northern District of California encompasses Alameda County.  Venue is appropriate based on the fact that this action was filed in Alameda County and based on the allegations in the Complaint in the State Court Case.

4)      This Court has original jurisdiction over this action under 28 U.S.C. § 1331, 1338 and 15 U.S.C. § 1121(a) because the Complaint alleges, as the third cause of action, Breach of Express Warranty under the Magnuson-Moss Warranty Act 15 U.S.C. § 2301 and, as the fourth cause of action, Breach of Implied Warranty under the Magnuson-Moss Warranty Act. Thus, removal is based on a claim "arising under" federal law.

5)      This Court has supplemental jurisdiction over the First and Second causes of action in this action because these causes of action are so related to the third and fourth causes of action that they form part of the same case or controversy under Article III of the United States Constitution. (*See* 28 U.S.C. § 1367.)  All claims arise out of the alleged breach of warranty and alleged failure to conform the vehicle to warranty.

///

///

///

///

///

///

///

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

1

6)      Defendant TESLA will promptly serve a copy of this Notice of Removal on

2

counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the

3

Superior Court of California for the County of Alameda pursuant to 28 U.S.C. § 1446(d).

4

Dated:  July 27, 2020               THETA LAW FIRM, LLP

5

6

7

SOHEYL TAHSILDOOST
Attorneys for defendant Tesla, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, 1367, 1441 AND 1446 BY DEFENDANT TESLA,
INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
~~TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS,~~
~~INC., a Delaware Corporation; and DOES 1 through 20, Inclusive~~

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEVE DONCHISHIN, an individual

|  |
|---|
| ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 09 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By Alex R. Kosenko Jr, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Alameda Superior Court<br>24405 Amador Street<br>Hayward, CA 94544 | CASE NUMBER:<br>*(Número del caso)*:<br>**HG20064707** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Christopher M. Lovast, Esq. (SBN 303120)                    (562) 424-7243
Consumer Legal Services, P.C.
2330 Long Beach Blvd., Long Beach, CA 90806

| | | | | |
|---|---|---|---|---|
| DATE   **JUN 09 2020**<br>*(Fecha)* | **Chad Finke** | Clerk, by<br>*(Secretario)* | **ALEX KOSENKO JR** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☐ on behalf of *(specify)*:<br><br>under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>      ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>      ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>      ☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

JUN 09 2020

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|

Christopher M. Lovasz, Esq. (SBN 303120)
Consumer Legal Services, P.C.
2330 Long Beach Blvd.
Long Beach, CA 90806
TELEPHONE NO: (562)424-3293   FAX NO: (562)595-1849
ATTORNEY FOR (Name): Steve Donchisin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Donchishin, Steve v. Tesla

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**JUN 0 9 2020**

**CLERK OF THE SUPERIOR COURT**
**By Alex R. Kosenko Jr, Deputy**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | **HG 20 064707** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: / DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): FOUR
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Christopher M. Lovasz, Esq.
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

┌ Consumer Legal Services, P.C.
  Attn: Lovasz, Christopher M.
  2330 Long Beach Blvd
  Long Beach, CA   90806
└

## Superior Court of California, County of Alameda

| Donchishin | |
| --- | --- |
| **Plaintiff/Petitioner(s)** | |
| VS. | |
| Tesla, Inc. | |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

No. **HG20064707**

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 11/10/2020<br>Time: 02:30 PM | Department: 521<br>Location: **Hayward Hall of Justice**<br>**3rd Floor**<br>**24405 Amador Street, Hayward CA 94544**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge:  **Richard Seabolt**<br>Clerk:  **Maria Calder**<br>Clerk telephone:  **(510) 690-2730**<br>E-mail:<br>**Dept.521@alameda.courts.ca.gov**<br>Fax:  **(510) 267-1532** |
| --- | --- | --- |

### ORDERS

1. **Plaintiff** must:

   a. **Serve all named defendants and file proofs of service** on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/19/2020.

By    _A Qhei_

_____
Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: HG20064707
Case Title:    Donchishin VS Tesla, Inc.
Date of Filing: 06/09/2020

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Richard Seabolt** |
| **Department:** | **521** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2730** |
| **Fax Number:** | **(510) 267-1532** |
| **Email Address:** | **Dept.521@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Richard Seabolt
DEPARTMENT 521

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Chambers copies of all papers filed in connection with any hearing (motion, ex parte application) shall be delivered to Dept. 521 on the date of filing. For discovery motions, the court requires compliance with Local Rule 3.31 before a reservation number will be provided. (See below).

Appearances by attorneys not counsel of record are not permitted except for good cause shown. Any appearing counsel must have full authority to make decisions on a case. All references to counsel apply equally to self-represented parties and must comply the rules cited in this Notice. Hearings and calendar events are scheduled by EMAIL ONLY to Dept. 521. Except for scheduling matters, all emails to the Court must include all other parties (or their counsel, if represented) and must show that all other parties have been copied. All parties are required to include available email addresses in the caption of all filed papers, as required by California Rules of Court 2.111(1).

**Schedule for Department 521**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesday-Fridays at 8:30 a.m. - 1:30 p.m. for Jury and Court Trials. Trial Readiness Conferences are held 2 weeks prior to the trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held: Monday-Thursdays at 2:30 p.m. Timely-filed and complete CMC statements are required. Tentative rulings for case

management conferences are available in the register of actions. For Courtcall authorization, email Dept521@alameda.courts.ca.gov.

- Law and Motion matters are heard:  Tuesdays at 2:30 p.m. and Thursdays at 2:30 p.m. Email Dept. 521 for reservations.  Chambers copies of all papers shall be delivered to Dept. 521 on the date of filing.

- Settlement Conferences are heard:  Counsel are encouraged to consider alternative dispute resolution.  Settlement Conferences may be specially set on a case-specific basis.

- Ex Parte matters are heard:  Tuesday-Fridays at 2:30 p.m. Chambers copies of all papers shall be delivered to Dept. 521 on the date of filing.  The applicant must provide CRC 3.1203(a) notice to all parties. ·

- For L&M Email: Dept521@alameda.courts.ca.gov.  Include case name & number, title of motion and identity of moving party and affirmation that the parties have met and conferred on agreeable dates before requesting a hearing date. No Discovery motion may be filed until an informal discovery conference ("IDC") has been held or denied by the court, as set forth in Local Rule 3.31.  Email Dept. 521 to schedule an IDC and submit declarations in conformity with Rule 3.31. When requesting a hearing date for a discovery motion, include information about the IDC, including the date the hearing was held or denied.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:      Dept521@alameda.courts.ca.gov

  To contest L&M tentative rulings, email Dept521@alameda.courts.ca.gov by 4:00 p.m. the day before the hearing.

- Ex Parte Matters
  Email:      Dept521@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 521
- Phone:  1-866-223-2244

Dated:  06/18/2020

_____  Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/19/2020

By

_____

Deputy Clerk

**CONSUMER LEGAL SERVICES, P.C.**
Christopher M. Lovasz, Esq. (SBN 303120)
Vanessa M. Lee, Esq. (SBN 294332)
2330 Long Beach Boulevard
Long Beach, California 90806
Telephone: (562) 424-3293
Facsimile: (562) 595-1849

Attorneys for Plaintiff,
STEVE DONCHISHIN

ENDORSED
FILED
ALAMEDA COUNTY
**JUN 0 9 2020**

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| STEVE DONCHISHIN, an individual, | CASE NO.: **HG 2 0 0 6 4 7 0 7** |
| Plaintiff, | Assigned for all purposes to: Dept.: |
| v. | **COMPLAINT FOR DAMAGES:** |
| TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive, | 1. **Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.** |
| Defendant. | 2. **Breach of Express Warranty under the Song-Beverly Warranty Act.** |
| | 3. **Breach of Express Warranty under the Magnuson-Moss Warranty Act.** |
| | 4. **Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act.** |
| | **JURY TRIAL DEMANDED** |

JUN 0 9 2020

1

**PLAINTIFF** STEVE DONCHISHIN hereby allege and complain as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff is an individual, residing in the City of Concord, County of Contra Costa, in the State of California.

2.      Defendant TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC. (hereinafter referred to as "Manufacturer") is a corporation doing business in the County of Alameda, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Tesla motor vehicles and related equipment.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sue the Defendant by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and believe, and thereon allege, the Defendant designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

4.      Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, Defendant, was the agent, servant, and/or employee of each of their Co-Defendants. Plaintiff is informed and believe, and thereon allege, that in doing the things hereinafter alleged Defendant, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

///

2

5.      Before December 15, 2017, Defendant, Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new **2017 Tesla Model X, VIN: 5YJXCAE24HF076484** (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.

6.      On or about December 15, 2017, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from the Seller for a total consideration over the term of the installment contract of $135,739.46. Retail Installment Sale Contract is in the possession of Defendant.

7.      The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

8.      Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that the Defendant, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that the Defendant, would maintain the utility of the Vehicle for four years or 50,000 miles basic warranty, eight years and unlimited miles drive train warranty, and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendant).

9.       Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase
agreement and under the express and implied warranties given to Plaintiff, except insofar as
the acts and/or omissions of the Defendant, as alleged herein, prevented and/or excused such
performance.

10.      Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair
facilities, agents and/or dealers, including Seller, on several separate occasions resulting in
the Vehicle being out of service by reason of repair of nonconformities. Repair
Orders/Invoices are in the possession of Defendant.

11.      By way of example, and not by way of limitation, the defects, malfunctions,
misadjustments, and/or nonconformities with Plaintiff' Vehicle include the following:
defective liftgate, power strut replacement, seats malfunctions, exterior damage, glass
assembly replacement, sun visor replacement and rear hatch malfunctions, among other
concerns.

12.      Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized
service and repair facility, Plaintiff notified Defendant of the defects, malfunctions,
misadjustments, and/or nonconformities existent with the Vehicle and demanded that
Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to
conform the Vehicle to the applicable warranties.

13.      Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer authorized
service and repair facility, Defendant represented to Plaintiff that they could and would
conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to
said warranties, and that all the defects, malfunctions, misadjustments, and/or
nonconformities have been repaired; however, Manufacturer or its representatives failed to

4

conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

## FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against the Defendant)

14.     Plaintiff realleges each and every paragraph (1-13) and incorporates them by this reference as though fully set forth herein.

15.     The distribution and sale of the Vehicle was accompanied by the Manufacturer and Seller's implied warranty that the Vehicle was merchantable.

16.     Furthermore, the Defendant impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of facts made to Plaintiff.

17.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

18.     Upon discovery of the Vehicles' nonconformities, Plaintiff took reasonable steps to notify the Defendant within a reasonable time that the Vehicle did not have the quality that a

buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

19.      As a result of the acts and/or omissions of the Defendant, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgement interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

20.      As a further result of the actions of the Defendant, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

21.      As a further result of the actions of the Defendant, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

22.      As a direct result of the acts and/or omissions of the Defendant and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

(Breach of Express Warranty under Song-Beverly Warranty Act against the Defendant)

23.      Plaintiff realleges each and every paragraph (1-22) and incorporates them by this reference as though fully set forth herein.

24.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

25.     Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

26.     Defendant failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

27.     The acts and/or omissions of the Defendant, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

28.     Defendant failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by the Defendants were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of the Defendants' obligations under Song-Beverly.

29.     As a result of the acts and/or omissions of the Defendant, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

30.     Additionally, as a result of the acts and/or omissions of the Defendant, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek

leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

31.     As a direct result of the acts and/or omissions of the Defendant, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of their attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## THIRD CAUSE OF ACTION

(Breach of Written Warranty under Magnuson-Moss Warranty Act against the Defendant)

32.     Plaintiff realleges each and every paragraph (1-31) and incorporates them by this reference as though fully set forth herein.

33.     Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

34.     The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

35.     The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

36.     The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

37.     The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

38.     The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC 2301(6).

8

39.     The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under Manufacturer's warranties.

40.     The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC 2310(d)(1), (2).

41.     As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff' retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

### FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against the Defendant)

42.     Plaintiff realleges each and every paragraph (1-41) and incorporates them by this reference as though fully set forth herein.

43.     The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

///

WHEREFORE, Plaintiff prays for judgment against the Defendant, and each of them, as follows:

A.     For replacement or restitution, at Plaintiff's election, according to proof;

B.     For incidental damages, according to proof;

C.     For consequential damages, according to proof;

D.     For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.     For actual attorney's fees, reasonably incurred;

F.     For costs of suit and expenses, according to proof;

G.     For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.     For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.     For pre-judgment interest at the legal rate;

J.     Such other relief the Court deems appropriate.


Date: 6|3|20

Respectfully submitted,
CONSUMER LEGAL SERVICES, P.C.

By: _____

Christopher M. Lovasz, Esq.
Vanessa M. Lee, Esq.
Attorneys for Plaintiff,
STEVE DONCHISHIN

10

**PROOF OF SERVICE**
**(FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)**

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred.  My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260.  On **July 27, 2020**, I served the following documents described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, 1367, 1441 AND 1446 BY DEFENDANT TESLA, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC.** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| Christopher M. Lovasz Vanessa Lee Consumer Legal Services P.C. 2330 Long Beach Blvd. Long Beach, CA 90806 (562) 424-3293 Phone (562) 595-1849 Fax vlee@lemonauto.com | |

☐  BY MAIL:  I deposited such envelope in the mail at Lawndale, California.  The envelope was mailed with proper postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  BY PERSONAL SERVICE:  I delivered such envelope by hand to the individual(s) listed on the above service list.

☒  BY ELECTRONIC TRANSMISSION:  I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐  BY FACSIMILE TRANSMISSION:  I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon.  The telephone number on the facsimile machine I used is (424) 286-2244.  The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine.  Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐  BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **July 27, 2020** at Lawndale, California.

_____
Steven Correa

4